“This case is before the court on defendant’s request for review of the trial judge’s order of December 16,1976, denying defendant’s motion, pursuant to Rule 81, for leave to take a deposition, compelled by subpoena issued by this court, of an individual believed to be a vital witness to defendant’s case pending before the Corps of Engineers Board of Contract Appeals (the board). The board has scheduled a hearing for January 25, 1977. On June 30, 1975, the court remanded the case to the board for further proceedings now in progress. 207 Ct. Cl. 1010 (1975).
“Defendant represents that the witness, a resident of Charleston, South Carolina, is of advanced age, in poor health, and unwilling to permit his deposition without compulsory process. Defendant seeks to preserve his testimony for use by the board in its forthcoming determinations. The board’s procedural Bule 14 permits discovery depositions, but only in situations where the deponent appears voluntarily, for the board lacks subpoena power. Defendant apparently has not asked the board for an order authorizing the deposition under Bule 14, but instead has come directly to the court, on the theory that it would be useless to invoke *583 Bule 14 in view of the foregoing information that the witness would not testify unless compelled to do so. To obtain its requested subpoena, defendant relies on two prior cases. Anthony P. Miller, Inc. v. United States, 191 Ct. Cl. 292, 422 F. 2d 1344 (1970), and Aircraft Associates & Mfg. Co. v. United States, 174 Ct. Cl. 886, 357 F. 2d 373 (1966), and upon Rule 27 of the F.B.C.P. The latter rule, of course, is not applicable in the Court of Claims, nor in the context of the present issue.
“In Miller and in Aircraft Associates, the clerk of the court issued a subpoena to compel the attendance of witnesses in matters before administrative boards. However, in each case this was done by agreement of the parties, whereas here plaintiff opposes the requested procedure. Further, in Aircraft Associates, the subpoena was issued pursuant to statute, 5 U.S.C. §304 (1970), which allows a witness to be subpoenaed upon application to a judge or clerk of a court of the United States, but requires that the application be made in the first instance by the head of an Executive department or military department or bureau thereof in which a claim is pending. Defendant has not shown us a request for subpoena by the relevant department or bureau head.
“Defendant argues that the case is still on the court’s docket, although proceeding through administrative channels, and therefore that our Buie 82(a), which can compel attendance of deposition witnesses, and Buie 123 (b) (1), providing that subpoenas will be issued at the request of any party for attendance of witnesses at a hearing or trial, can be invoked to produce a witness before the board. The trial judge has held that these Buies apply only to hearings before the court, and no such hearing is pending. The court does not have a rule which explicitly covers this situation, although 28 U.S.C. §2521 (1970) conceivably could be used as authority to make such a rule.
“The case is on our docket, but it is before the board for fact finding and may or may not return to the court. Although we recognize the importance of the issue to defendant, we must also be mindful of the statute which requires action by the head of the Executive department or bureau in which the claim is pending. We are also of the opinion that the *584 'board is in the best position to determine whether depositions should be allowed in cases it has under active consideration. Defendant is instructed to comply with Eule 14 of the board and its other applicable rules, if any, and if it authorizes a deposition which cannot be had without subpoena, then we should be shown a request under 5 U.S.C. § 804 (1970), as was done in Aircraft Associates, supra, directed to a judge of the court or to the court’s clerk, requesting that the court issue a subpoena to enforce the board order allowing the deposition. The statute does not permit Government trial counsel to speak for the officials there identified. If this is done we will at the proper time decide the matter on the papers then before us. The matter is not ripe for our action now. Nor do we rule at this time on the standing of plaintiff in this case to oppose issuance of a subpoena by this court in aid of a deposition ordered by the board.
“it is therefore ordered that defendant’s request for review is granted, but the relief therein requested is denied without prejudice.”